**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MILLER PALERMO SOLIZ,

    Petitioner,

v.

WARDEN, FORT DIX,

    Respondent.

Civil Action No. 23-3100 (KMW)

**MEMORANDUM ORDER**

This matter comes before the Court on the habeas petition filed by Petitioner Miller Palermo Soliz filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As this matter has been transferred to this Court from the Middle District of Floirda (*see* ECF Nos. 3-4), this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his habeas petition, Petitioner fails to set forth any claims for relief, nor does he provide the facts underlying any such grounds. Although Petitioner does provide documents attached to the petition which suggest his concern is with his inability to earn First Step Act credits in light of his removal order, he does not explicitly set forth any such claim, and that inference is merely one which could be drawn from the documents attached to the petition. (*See* ECF Nos. 1-1, 1-2, 1-3.)

The Court further notes that Petitioner's habeas petition has not been signed under penalty of perjury. (*See* ECF No. 1 at 8.)

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petitioner in his petition "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Under the rule, a petitioner must present specific, particularized facts in the petition itself to "enable the [district] court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990); *see also Bullard v. Chavis*, 153 F.3d 719 (4th Cir. 1998); *Moorefield v. Grace*, No. 06-541, 2007 WL 1068469, at *2 (W.D. Pa. Apr. 5, 2007). General references to the state court record, including to briefs and transcripts filed in the state courts are insufficient to meet the requirements of Rule 2(c). *Adams*, 897 F.2d at 333. The Federal Courts will not "sift through voluminous documents filed by habeas petitioners in order to divine the grounds or facts which allegedly warrant relief" where a Petitioner fails to provide a summary of the grounds and supporting facts in his habeas petition. *Id.* Rule 2(c)(5) further requires that all habeas petitions be signed under penalty of perjury. Because Petitioner has failed to set forth the grounds for relief he wishes to pursue and has not set forth factual allegations in support of those grounds, and has in any event failed to sign his habeas petition, the petition fails to meet the habeas pleading requirements and must be dismissed without prejudice as such. Petitioner may file an amended petition addressing these deficiencies within forty-five days.

**IT IS THEREFORE** on this /16th day of June, 2023,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to meet the habeas pleading requirements and as the petition has not been signed; and it is further

**ORDERED** that Petitioner is granted leave to file an amended petition addressing the deficiencies noted in this memorandum order within forty-five days, Plaintiff's amended petition shall both be signed under penalty of perjury and set forth all grounds for relief and the facts supporting each ground; and it is finally

**ORDERED** that the Clerk of the Court shall serve this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge